Mr. Justice Thacker
delivered the opinion of the court.
Writ of error to Wilkinson county circuit court.
At the April term, 1842, of this circuit court, plaintiff in error filed his bill in equity, praying a new trial in an action at law, wherein judgment had been rendered against him in that court, at its October term, 1841. The claim for a new trial is based upon alleged fraud on the part of the defendant in error, in prosecuting his action at law, and upon accident, whereby the plaintiff in error had been prevented from presenting the substantial grounds of his defence in that action.
At the April term, 1840, Peter A. Presler, the survivor of the copartnership of Presler, Varnell & Co., instituted his action of assumpsit upon an open account against Hugh R. Davis, who, at that term, filed his plea of non assumpsit. The case was then continued until the October term, 1840, when the plaintiff obtained leave to amend his pleadings. At the April term, 1841, plaintiff filed an amended declaration, at which term the cause was continued. At the.October term, 1841, the defendant filed his plea of non assumpsit to the amended declaration; whereupon a jury Came, and a verdict and judgment were rendered for the plaintiff in the sum of $476 26.. It-appears that the open account filed .with the amended declaration, differs in *468 the items, and their dates, and in the sum total, from that filed with the original declaration.
The. allegations of fraud are denied in respondent’s answer to the bill. The evidence adduced upon the bill and answer tend to show that the respondent, in making the change in the amended declaration of the items of the account filed with the original declaration, based it upon the supposed nature of his dealings with the complainant, as in his individual capacity,, and as guarantor for another. Whatever question might arise ds to respondent’s right to view the complainant as the guarantor of another, and to sue him in that capacity, the question was one of law, and certainly could not create the presumption of fraud in the respondent. In point of fact, fraud cannot be committed in the filing an amended declaration and new account, under circumstances like these, because, by virtue of such an order and leave granted, a plaintiff may amend to any extent that does not change the form of the action. The record does not show any evidence of fraud exercised by the respondent, during the trial at law. The circumstance, that a witness did not disclose upon the trial all the information which he possessed, relating to certain facts, because his attention was not particularly directed to them, is not, of itself, sufficient ground whereon to insist upon a new trial. Houston v. Smith, 2 S. & M. 597.
The complainant had notice that leave had been granted to respondent to amend his pleadings. He was already in court, both by service of writ upon him and by appearance, and it do'es not appear that his absence from the state took place, until after the term at which the order of amendment was obtained. If he saw fit to absent himself, or voluntarily to put himself in a position whereby he could not become informed what specific character an action was about to assume, of the general nature of which he had been sufficiently advised, at a period, when he might' reasonably expect, by the plaintiff’s course of proceeding, some material change in the aspect of the case, he did it at his Own risk, and can claim no exemption from the consequences.
*469 The ground of fraud is by no means established, while the laches of complainant seem manifest. Land v. Elliot, Adm. 1 S. & M. 608.
Judgment affirmed.